UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR S-02-0364 WBS |
| Plaintiff, | CV S-07-2608 WBS |
| v. | MEMORANDUM AND ORDER RE: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| RAYFORD RAY ROBERSON, | |
| Defendant. | |

----oo0oo----

I.   Factual and Procedural Background

Defendant Rayford Ray Roberson is serving a 121-month sentence for submitting false declarations in relation to a bankruptcy proceeding, 18 U.S.C. § 152(3); making false statements in a loan application, id. § 1014; securities fraud, 15 U.S.C. §§ 77q, 77x; and money laundering to promote unlawful activity, 18 U.S.C. § 1956(a)(1)(A)(i).  After his sentencing, defendant filed an appeal with the Ninth Circuit, and the Court of Appeals affirmed his conviction and sentence.  This court then denied defendant's motion for a new trial and his subsequent

1

motion for reconsideration.  Presently before the court is defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. Discussion

Defendant provides eighty-eight separate grounds to support claims of ineffective assistance of trial and appellate counsel.  Approximately eighty-two of these grounds relate to his trial counsel, Mr. Michael Bigelow, while the remaining grounds refer to his appellate counsel, Mr. Joseph Wiseman.  To prevail on his claim of ineffective assistance of trial counsel, defendant must satisfy the following two requirements:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

As to defendant's claim pertaining to Mr. Wisemen, the Supreme Court has recognized that a habeas petitioner "must satisfy both prongs of the Strickland test in order to prevail on [a] claim of ineffective assistance of appellate counsel." Smith v. Robbins, 528 U.S. 259, 289 (2000).  Specifically, a defendant "must show that counsel's advice fell below an objective standard of reasonableness . . . and that there is a reasonable probability that, but for counsel's unprofessional errors, [the defendant] would have prevailed on appeal." Pollard v. White, 119 F.3d 1430, 1434-35 (9th Cir. 1997).

### A. Vague, Conclusory, and Unintelligible Claims

2

A prisoner who brings a habeas corpus petition under 28 U.S.C. § 2255 must state his or her claim with sufficient specificity. See, e.g., Jackson v. Cambra, No. 97-3020, 1998 WL 917537, at *5 n.2 (N.D. Cal. Dec. 30, 1998) (dismissing claims of ineffective assistance of counsel where the defendant "provide[d] no specific facts in support of his assertions and no indication whatsoever of how counsel's allegedly deficient performance prejudiced his defense" (citing Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990); Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989))).

Grounds 28, 36-39, 41-42, 58-60, 63-65, 68-69, 71-73, 76, 81, and 87 supporting defendant's claims of ineffective assistance of counsel are vague and conclusory, while grounds 10-11, 15-22, 24, 68-69, and 79 are unintelligible. Grounds 84-86 are not grounds for a claim of ineffective assistance of counsel; they are requests for documents and additional evidence to support defendant's arguments. Accordingly, the court finds that these grounds provide no basis for granting a petition for habeas corpus.

B. Issues Previously Litigated on Direct Appeal

In general, federal prisoners may not use a § 2255 proceeding to relitigate a claim that has been decided on direct appeal. Withrow v. Williams, 507 U.S. 680, 720-21 (1993); United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999). This relitgation bar may be overridden only in exceptional circumstances, such as an intervening change in the law. Davis v. United States, 417 U.S. 333, 341-42 (1974).

In grounds 6, 45, and 80, defendant contends that Mr.

3

Bigelow provided ineffective assistance of counsel for failing to strike a juror who taught Bible study classes at the jail and was friendly with many of the deputies.  This issue was already raised and rejected on direct appeal.  See United States v. Roberson, 282 F. App'x 582 (9th Cir. 2008).  Defendant does not, however, suggest any exceptional circumstances that would merit revisiting the issue.

        C.   Challenges to Trial Counsel's Tactical Decisions

Courts apply an objective standard of reasonableness when considering whether tactical decisions made by counsel were deficient.  See James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994); see also Strickland v. Washington, 466 U.S. 668, 689-90 (1984). In conducting this assessment, courts "will neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight."  Campbell v. Wood, 18 F.3d 662, 673 (9th Cir. 1994). The defendant must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Turner v. Calderon, 281 F.3d 851, 896-97 (9th Cir. 2002) (citing Strickland, 466 U.S. at 689).

Counsel need not recognize and assert every possible defense and argument, nor must counsel raise claims that "[do] not have a reasonable probability of succeeding."  Miller v. Keeney, 882 F.2d 1428, 1435 (9th Cir. 1989).  A tactical decision by counsel that is not objectively unreasonable, but with which the defendant disagrees, does not constitute ineffective assistance of counsel.  Borg, 898 F.2d at 703; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984).

In grounds 2, 5, 13-14, 25-27, 31-34, 40, 43-49, 57,

4

61-62, 75, 77-78, 82-83, and 88, defendant challenges several tactical decisions made by Mr. Bigelow. These grounds present criticisms of Mr. Bigelow's decisions not to call certain witnesses, pursue certain lines of questioning, or raise particular objections. After carefully reviewing the trial transcript and Mr. Bigelow's declaration, the court finds that Mr. Bigelow's decisions were not objectively unreasonable; in fact, the vast majority of defendant's criticisms lack legal merit. Accordingly, the court rejects these grounds for defendant's claim of ineffective assistance of trial counsel.

      D.    <u>Defendant's Remaining Grounds</u>

           1.    <u>Grounds 1 and 29</u>

Defendant argues that Mr. Bigelow was ineffective in his representation when he misspoke during closing arguments. Defendant specifically refers to an instance in which Mr. Bigelow began a sentence with, "And so you don't acquit." (Trial Tr. 1588.) Although Mr. Bigelow did misspeak, it is clear from the context of the closing argument that Mr. Bigelow was advocating for a verdict of "not guilty" for defendant. Mr. Bigelow stated, "You're saying that in the jury room, you're reasonable people, that's reasonable doubt. And so you don't acquit--you acquit. You don't vote for guilt." (<u>Id.</u>) A minor misstatement, which was immediately corrected and made in the context of a closing argument advocating for defendant's innocence, does not constitute ineffective assistance of counsel. <u>See, e.g.</u>, <u>United States v. Weston</u>, 708 F.2d 302, 307 (7th Cir.), <u>cert. denied</u>, 464 U.S. 962 (1983) (finding that "a slip of the lip by counsel during the pressures of trial" did not constitute ineffective

5

assistance of counsel).

### 2. Grounds 3, 23, and 29

Defendant also argues that during trial, Mr. Bigelow described defendant's "true life" as "bogus" when defendant obtained his driver's license at the age of sixteen. Defendant refers to transcript pages "1486-2-4." Near that point in the transcript, California Department of Motor Vehicles (DMV) manager Lillian Martin testified that the DMV purges driver's license information after a license expires and is inactive for five years. Mr. Bigelow then posed a hypothetical to Ms. Martin, asking whether, had defendant obtained a fake driver's license at the age of sixteen to buy alcohol, that information would be purged. (Trial Tr. 1468.) The court finds that this hypothetical did not have the effect of portraying defendant's "real life" as "bogus."

### 3. Ground 4

Defendant claims that a government witness, Ms. Alice Waiters, was present in the courtroom while other witnesses were testifying and that Mr. Bigelow failed to request that she be dismissed. Mr. Bigelow, however, represents that he did not believe Ms. Waters was present in the courtroom long enough to create any concern. (Bigelow Decl. 1.) In addition, defendant has not indicated how Mr. Bigelow's failure to challenge the witness's presence prejudiced the defense to such an extent that the result of the proceeding would have been different.

### 4. Grounds 7 and 74

Defendant claims that Mr. Bigelow was not prepared for trial. However, defendant offers no facts in support of this

6

argument.  Instead, Mr. Bigelow provides that he was "quite prepared for trial."  (Bigelow Decl. 2.)  After reviewing the record as well as Mr. Bigelow's declaration, the court finds that Mr. Bigelow was well-prepared for trial and possessed sufficient knowledge of the facts of the case.

### 5.  Ground 8

Defendant claims that Mr. Bigelow failed to provide him with a list of the witnesses that would testify against him.  At the time referenced by defendant, however, the government had not yet prepared its witness list.  (Am. Resp. to Mot. to Vacate 15:25-26.)  Furthermore, Mr. Bigelow stated that he did, in fact, spend significant time with defendant reviewing witnesses that he knew the government would call.  (Bigelow Decl. 2.)

### 6.  Grounds 9 and 12

Defendant claims that Mr. Bigelow was uninterested in representing defendant and that after the trial he refused to talk about the case with a private investigator or provide the investigator with "additional transcripts."  Defendant also asserts that Mr. Bigelow failed to turn over his trial documents to defendant's brother.  Defendant provides no support for his claim about Mr. Bigelow's disinterest in his case, and his other arguments do not relate to Mr. Bigelow's performance at trial.

### 7.  Ground 30

Defendant claims that Mr. Bigelow was confused and mistaken when he stated that defendant lived in Hawaii, San Diego, California, and San Jose, California.  The record indicates that Mr. Bigelow stated that there were several members of defendant's family who previously had the last name "Robinson"

7

but were now living in various parts of the country under the last name "Roberson." (Trial Tr. 1332-34, 1386-87.) The court finds that Mr. Bigelow was neither confused nor mistaken as to where defendant lived.

### 8. Ground 35

Defendant, citing the trial transcript at "1354-14," claims that Mr. Bigelow told the jury that defendant had made a "'False Statement' of wanting to change [his] name." At the referenced point in the transcript, Mr. Bigelow questioned defendant about an experience he had trying to renew his driver's license. (Trial Tr. 1354:14-17.) Defendant explained that a DMV employee insisted on renewing his license under the name "Robinson" instead of "Roberson." (Id. at 1355:7-15.) Defendant stated that he told the DMV employee, "[I]f you issue this license under Robinson, it will cause me so much problem. No one knows me as Robinson. . . . Everything I've ever done in my life is under Roberson, as far as people knowing who I am and what I've done." (Id. at 1355:19-1356:1.) At no point during this testimony did Mr. Bigelow accuse defendant of wanting to change his name or making a false statement.

### 9. Ground 50

Defendant claims that he told Mr. Bigelow that he deposited an insurance payment of $10,000 into the account that was subject to the money-laundering charges against him. Since this money was used to further criminal activity but did not derive from criminal activity itself, defendant contends that Mr. Bigelow was deficient by not using this information as a defense.

Mr. Bigelow denies that the defendant told him this

information.  (Bigelow Decl. 8.)  In addition, defendant's legal argument lacks merit; "in a money laundering charge, the commingling of tainted money with clean money taints the entire account. . . . It is enough that the money, even if innocently obtained, was commingled in an account with money that was obtained illegally."  United States v. Lazarenko, ---F.3d----, 2008 WL 4368219, at *7 (9th Cir. Sept. 26, 2008).  The government presented evidence that defendant possessed at least $491,282 in fraudulent proceeds in the relevant account, and the court ordered $232,632 in restitution.  (See Trial Tr. 1107.)

       10. Grounds 51-56 and 70

    In grounds 51-56 and 70, defendant essentially contends that his appellate counsel, Mr. Wisemen, was ineffective because he failed to file a motion for a new trial.  The record indicates, however, that attorney Jan Karowski filed a motion for a new trial that this court subsequently denied.  (See Docket Nos. 217, 229, 231.)  Accordingly, whether or not the failure to file a motion for a new trial was objectively unreasonable, defendant cannot demonstrate the requisite prejudice to satisfy the second prong of Strickland.

       11. Ground 66

    Defendant claims that Mr. Bigelow did not argue for lower loss and restitution amounts at sentencing.  A review of the record, however, shows that Mr. Bigelow argued for a lower loss amount in his formal objections and requested a restitution hearing.  (See Docket Nos. 170, 192.)

       12. Ground 67

    Defendant claims that Mr. Bigelow should have objected

1  to the application of an obstruction-of-justice enhancement to
2  his sentence.  However, the record shows that Mr. Bigelow did
3  object to the enhancement in his formal objections to the pre-
4  sentence report.  (See id. No. 170.)

III. Conclusion

Defendant has failed to present any facts or claims in his § 2255 motion that entitle him to relief.  Under § 2255, a court may decide the motion without an evidentiary hearing if the motion and records of the case conclusively show that the prisoner is not entitled to relief.  Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998).  Accordingly, the court will deny defendant's motion without an evidentiary hearing.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct his sentence, filed December 4, 2007, be, and the same hereby is, DENIED.

DATED:  November 19, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE